# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE <br> 6218 Georgia Avenue, N.W. <br> Suite 1-1235 <br> Washington, D.C. 20011, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY <br> 1000 Independence Avenue, S.W. <br> Washington, D.C. 20585, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Case No. 22-cv-1828 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff, Functional Government Initiative ("FGI"), brings this action against the United States Department of Energy ("DOE") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, requesting declaratory and injunctive relief to compel Defendant's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this FOIA matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue in this Court is provided for by 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES TO THE ACTION

4. Plaintiff, FGI, is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government. *See* D.C. Code § 29-1102(5).

1

5. FGI accomplishes its mission though investigative research, analysis, and dissemination of the information it obtains. The records FGI obtains under FOIA are vital for it to accomplish its mission.

## STATEMENT OF FACTS

6. The Strategic Petroleum Reserve ("SPR") was established by Congress in the aftermath of the 1973-74 oil embargo to counter disruptions in commercial oil supplies that could threaten the U.S. economy. [Strategic Petroleum Reserve | Department of Energy](); [U.S. Energy Information Administration - EIA - Independent Statistics and Analysis]().

7. The SPR can hold up to 714 million barrels of oil across several locations in states along the coast of the Gulf of Mexico where much of the United States' refining capacity exists. *See Id.*

8. Between November 23, 2021, and the filing of this Complaint, President Biden, announced several decisions to have DOE release millions of barrels of oil from the SPR. *See e.g.*, [President Biden Announces Release from the Strategic Petroleum Reserve As Part of Ongoing Efforts to Lower Prices and Address Lack of Supply Around the World | The White House]() (November 23, 2021); [Remarks by President Biden in State of the Union Address | The White House]() (March 1, 2022); [Remarks by President Biden on Actions to Lower Gas Prices at the Pump for American Families | The White House]() (March 31, 2022; other White House statements at [www.whitehouse.gov/?s=strategic+petroleum]() (April 21, 2022, and before).

9. Upon information and belief none of the oil released from the SPR since November 21, 2021, has been restored.

10. On January 31, 2022, FGI submitted a FOIA request to DOE at FOIA-Central@hq.doe.gov. *See* Submit a FOIA Request | Department of Energy.

11. FGI's FOIA request sought all records from January 20, 2021, to the date DOE completes its search relating to the release or potential release of oil from the SPR. FGI provided specific search terms and identified individuals and offices within DOE whose records should be searched for responsive information.
A copy of FGI's FOIA request is attached as Exhibit 1.

12. The release of documents requested by FGI is in the public interest because they will provide American citizens with insight into their government's decision making about how to combat rising gasoline prices, the extent to which the Administration believed that the release of oil from the SPR actually would reduce prices paid by consumers for gasoline, implications for national security of releasing oil from the SPR, the Administration's decision to identify the oil and gas industry as a root cause of sustained high gasoline prices, and whether a consideration of alternative or additional means of combating rising fuel prices were part of the decision making by the Administration.

13. Having received no formal acknowledgment of receipt of its FOIA request from DOE, on March 4, 2022, FGI submitted an email to DOE at FOIA-Central@hq.doe.gov asking for confirmation of receipt and an update on the status of its request for information.

14. On March 7, 2022, DOE provided FGI with an interim response letter containing a tracking number for its request and contact information for the FOIA officer handling the DOE's response.

15. In the letter, DOE also granted FGI a waiver of fees associated with processing its FOIA request in recognition of FGI's having submitted a request that pertains to the operation or activity of the government, is in the public interest, and the results of which will be disseminated to the public.

16. The letter did not state, however, whether DOE had commenced a search for responsive documents or when FGI might expect a response.

17. Having heard nothing further from DOE for five weeks, on April 14, 2022, and again on April 19, 2002, FGI sent an email to DOE seeking an update on the status of its search for responsive records and an estimate of when DOE would produce the records.
A copy of FGI's email inquiries to DOE on April 14 and April 19, 2022, about the status of FGI's FOIA request are attached as Exhibit 2.

18. A DOE FOIA analyst responded to FGI's inquiry by proposing a telephone conference to discuss FGI's FOIA request on April 21, 2022.
A copy of the email from the DOE analyst to FGI is attached as Exhibit 3.  *See id*. at 4.

19. In an email to the DOE FOIA analyst dated April 26, 2022, FGI memorialized key points from the telephone conference held on April 21, 2022, during which FGI had agreed to several concessions requested by DOE to aid its search, including narrowing the time frame of the request, reducing the number of offices to be searched, and deferring the search of other offices pending the production of records by DOE.  *Id.* at 2-3.

20. In an emailed response dated April 27, 2022, DOE acknowledged the agreements reached during the April 21, 2022, teleconference, including its commitment to prepare proposed revisions of the search terms that FGI to facilitate the search for responsive records.  *Id.* at 2.

21. On May 5, 2022, FGI sought an update from the FOIA analyst on the status of DOE's progress in developing revised search terms.  *Id* at 1.

22. DOE responded that it was still working on developing the promised revised search terms and informed FGI that it would "try" to expedite this work. *Id.*

23. FGI submitted another email inquiry to the FOIA analyst on May 9, 2022, seeking a status update and expressing concern that DOE had not fulfilled its promise to provide revised search terms.  *Id.*

24. To date, FGI has not received DOE's proposed search terms or any other update from DOE.

25. To date, FGI has received no indication that DOE has begun any search in response to FGI's FOIA request that has been pending since January 31, 2022.

26. DOE has effectively highjacked FGI's FOIA request by failing to meet its commitment to identify any revisions to FGI's search terms to which it would agree.

<u>**COUNT I**</u>
<u>**Wrongful Withholding of Non-Exempt Responsive Records By DOE**</u>
<u>**In Violation of FOIA, 5 U.S.C. § 552**</u>

27. FGI restates and incorporates by reference all the preceding paragraphs.

28. FGI properly requested records within the possession, custody, and control of DOE.

29. Because DOE is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records. *See* 5 U.S.C. § 551(1), § 552(f)(1).

30. By failing to disclose its promised search terms, DOE has precluded its own production of all responsive, non-exempt records, and is therefore wrongfully withholding agency records subject to release under FOIA.

31. Because DOE has failed to provide a determination on FGI's FOIA request within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(i).

32. Despite FGI's good-faith efforts to work with DOE to obtain records that are clearly in the public interest and releasable under FOIA, it is apparent that absent this lawsuit DOE will not comply with its obligations under FOIA.

33. Accordingly, FGI is entitled to declaratory and injunctive relief requiring DOE to conduct a comprehensive search of DOE records at once, produce all non-exempt records, as well as reasonably segregable portions of records responsive to its FOIA request, and provide indexes justifying the withholding of any responsive records under a claim of exemption.

## **REQUESTED RELIEF**

FGI respectfully requests this Court:

> (1) Take and maintain jurisdiction over this case until DOE complies with the requirements of FOIA and the orders of this Court.
>
> (2) Order DOE to produce all non-exempt records and non-exempt portions of records responsive to FGI's FOIA request,
>
> (3) Order DOE to provide indexes justifying the withholding of all or any portion of responsive records under claim of exemption.
>
> (4) Order DOE to produce all non-exempt records within ten days, or within such other period that the Court deems reasonable.
>
> (5) Enjoin DOE from continuing to withhold all non-exempt responsive records and portions of records.

(6) Award the reasonable attorney's fees and other litigation costs of this action, as provided for by 5 U.S.C. § 552(a)(4)(E).

(7) Grant FGI such other relief as this Court deems to be necessary and proper.

Dated: June 27, 2022

Respectfully submitted,

FUNCTIONAL GOVERNMENT INITITIATIVE
By Counsel:

<u>/s/Richard W. Goeken</u>
D.D.C. Bar # 441217
LUMEN LAW FIRM, LLC
1802 Vernon Street, Suite 2040
Washington, D.C. 20009
(202) 931-6020
(571) 368-2624 (fax)

Counsel for the Plaintiff