# Exhibit 1



**FUNCTIONAL GOVERNMENT
INITIATIVE**

January 31, 2022

*Sent via Email at* *FOIA-Central@hq.doe.gov*

Ingrid A. Kolb
Chief FOIA Officer
Department of Energy Headquarters
FOIA Requester Service Center
1000 Independence Avenue, SW
Washington, DC 20585

Re:    FOIA Request: Records Relating to the Release from the Strategic Petroleum Reserve
        Announced on November 23, 2021

Dear Ms. Kolb:

The Functional Government Initiative (FGI) submits this request (the "request") for records
under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA) and the
implementing regulations of the Department of Energy ("DOE" or the "Department"), 10
C.F.R. part 1004. FGI, which operates as a nonpartisan organization, engages in research,
investigation, and education to promote transparency in government and support values
that help to build a solid infrastructure for a bright American future.

Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is
appreciated.

<u>BACKGROUND</u>

We are investigating the basis for the decision announced on November 23, 2021, to make
available 50 million barrels of oil from the Strategic Petroleum Reserve. These
communications could be very relevant to understanding how the Department approaches
American energy policy.

<u>REQUESTED RECORDS</u>

FGI requests from the Department all records from January 20, 2021, to the date DOE
conducts the search meeting the following criteria:

1.  All records relating to the release or potential release of oil from the Strategic
    Petroleum Reserve; and
2.  All records containing any of the following search terms:
    - "Strategic Petroleum Reserve"
    - "SPR"



- "Release from"
- "50 million"
- "Lower prices"
- "Gas prices" or "gas price"
- "Price of gas"
- "Prices at the pump" or "price at the pump"
- "Oil supply imbalance"
- "Inflation"
- "Greenflation"
- "Inflationary"
- "Mismatch between demand exiting the pandemic"
- "Poll numbers"
- "Biden poll numbers".

For purposes of this request, we are seeking records held by the following offices:

- The Office of the Secretary;
- The Office of the Deputy Secretary;
- The Office of the Executive Secretariat;
- The Immediate Office of the Under Secretary of Energy for Science and Energy (*i.e.*, the Under Secretary, the Deputy Under Secretary, any Senior Advisor or Advisor, and anyone acting in with the authority of any of the above officials);
- Leadership of the Office of Fossil Energy and Carbon Management (*i.e.*, the Assistant Secretary for Fossil Energy, the Principal Deputy Assistant Secretary, the Deputy Assistant Secretary of Operations, the Deputy Assistant Secretary for the Office of Petroleum Reserves, the Deputy Assistant Secretary of the Office of Carbon Management, the Chief of Staff for the Office of Fossil Energy and Carbon Management, the Deputy Assistant Secretary for Resource Sustainability, and anyone in a similar role or acting/exercising the authority of anyone in the above roles); and
- The following staff from the Office of the General Counsel (or anyone acting/exercising the authority of the following):
  - The General Counsel;
  - The Deputy General Counsel;
  - The Deputy General Counsel for Agency Operations;
  - The Deputy General Counsel for Energy Policy;
  - Any Counselor to the Secretary or Senior Counselor to the Secretary; and
  - Any Schedule C or non-career SES official in the Office of the General Counsel who is not otherwise included in the categories listed above.

FGI is willing to accept records on a rolling basis.



FUNCTIONAL GOVERNMENT
INITIATIVE

The term "all records" in this request refers to, but is not limited to, any and all documents, letters, correspondence, emails including attachments, memoranda, text messages, letters, notes, telephone records, telephone notes, minutes of meetings, agendas of meetings, graphs, charts, assessments, evaluations, schedules and calendar entries, telephone logs, digital logs such as those produced by Microsoft Teams, papers published and/or unpublished, reports, studies, economic analysis, and/or all other responsive records, in draft or final form that fall within the definition of "agency records" subject to FOIA.

This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request (*i.e.*, releasing oil from the Strategic Petroleum Reserve).

We ask that you please provide all records in an electronic format. To the extent practicable, we desire electronic documents in native file format, or, if not practicable, with full metadata for all fields. See, e.g., 5 U.S.C. § 552(a)(3)(B) ("an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.").

Please provide records in either:

1. Load-ready format with a .csv file index or Excel spreadsheet; or
2. In .pdf format without any "portfolios" or "embedded files," and not in a single "batched". Pdf file.

If you or your office have destroyed or determine to withhold any records that could be reasonably construed to be responsive to this request, we ask that you indicate this fact and the reasons therefore in your response.  If you should seek to withhold or redact any responsive records, we request that you:

1. Identify each such record with specificity (including date, author, recipient, general subject matter, parties copied, and location of each item);
2. Explain in full the basis for withholding responsive material, including the specific exemption(s) under which the record (or portion thereof) was withheld and a full explanation of how each exemption applies to the withheld material;
3. Provide all segregable portions of the records for which you claim a specific exemption. 5 U.S.C. § 552(b).
4. Please correlate any redactions with specific exemptions under FOIA.

## REQUEST FOR FEE WAIVER

Pursuant to 5 U.S.C. § 552, we request a waiver of fees that the Department would otherwise charge for searching and producing the records described above, because this request satisfies both fee waiver requirements. FOIA provides for fee waivers when:



FUNCTIONAL GOVERNMENT
INITIATIVE

1. "[D]isclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government"; and
2. Disclosure "is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see 10 C.F.R. 1004.9(8)(ii).

I. <u>THE REQUEST IS IN THE PUBLIC INTEREST</u>.

Under FOIA, a party is entitled to a fee waiver when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the [Federal] government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Department FOIA regulations at 10 C.F.R. § 1004.9(8) establish a substantially similar standard.

Thus, the Department must consider four factors to determine whether a request is in the public interest:

1. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
2. Whether the disclosure is "likely to contribute" to an understanding of government operations or activities,
3. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject, and
4. Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.[1]

As shown below, FGI meets each of these factors.

**A. The Requested Records Concern the Operations and Activities of the Federal Government.**

The subject matter of this request concerns the operations and activities of the Department. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[2] This request asks for records relating to an official action, the decision to release barrels of oil from the Strategic Petroleum Reserve. The threshold is met here not only because the records sought are possessed by the Department or Department staff but also because they relate to official actions of the federal government.

---

[1] 10 C.F.R. § 1004.9(8).
[2] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf



FUNCTIONAL GOVERNMENT
INITIATIVE

Thus, FGI meets this factor.

**B. Disclosure is "Likely to Contribute" to an Understanding of Government Operations or Activities.**

The requested records are meaningfully informative about government operations or activities and will contribute to an increased understanding of those operations and activities by the public.

Disclosure of the requested information will enable the public to better understand how the federal government decided to release oil from the Strategic Petroleum Reserve, including whether the Department considered releasing oil sooner, what factors the Department looked at when deciding to release oil, and what impact the Department expects the release to have on gas prices. Once the information is made available, FGI will evaluate the information and present it to its followers and the general public in a manner that will meaningfully enhance the public's understanding of this topic, allowing the public to understand why actions are being taken in their name.

Thus, FGI meets this factor.

**C. Disclosure of the Requested Records Will Contribute to the Understanding of a Reasonably Broad Audience of Persons.**

Whether for gas for their cars or heating for their homes, hundreds of millions of Americans are personally impacted by the price of gas and oil in the United States.  The White House directly tied releasing oil from the Strategic Petroleum Reserve to efforts to lower gas prices.  *See* The White House, *President Biden Announces Release from the Strategic Petroleum Reserve as Part of Ongoing Efforts to Lower Prices and Address Lack of Supply Around the World* (Nov. 23, 2021). Accordingly, the is a very broad audience of people who may have a personal interest in the factors influencing the decision to release oil from the Strategic Petroleum Reserve and the timing of that decision.  Further, notwithstanding the personal interest of hundreds of millions of Americans, the decision to release oil from the Strategic Petroleum Reserve has been the subject of extensive news reporting and opinion commentary.

FGI will use the information it obtains from the disclosed records to educate the public at large about how decisions around the Strategic Petroleum Reserve are made and what factors influence those decisions. FGI has the ability and intention to effectively convey this information to the public (by means discussed in Section II, below) and disclosure of information contained and gleaned from the requested records will contribute to a broad audience of persons who are interested in the subject matter.

Thus, FGI meets this factor.



FUNCTIONAL GOVERNMENT
INITIATIVE

**D. Disclosure is Likely to Contribute Significantly to Public Understanding of Government Operations or Activities.**

FGI is not requesting these records merely for their intrinsic informational value. Disclosure of the requested records will significantly enhance the public's understanding of the Department's decision-making process, as compared to the level of public understanding that exists prior to the disclosure. Indeed, public understanding will be significantly increased as a result of disclosure because the requested records will help reveal more about this subject matter.

Thus, FGI meets this factor as well.

II. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE OF PERSONS INTERESTED IN THE SUBJECT.</u>

FGI operates as a nonpartisan organization that informs, educates, and counsels the public about government operations. FGI has robust mechanisms in place to share information obtained from the requested records with the general public and other interested organizations, including its website, social media channels, and other similar platforms. FGI intends to make use of these channels to publish the information from these requested records as well as expert analysis. FGI also has a broad network of reporters, bloggers, and media publications interested in its content and that have durable relationships with the organization. FGI intends to use any or all of these far-reaching media outlets to share with the public information obtained as a result of this request.

Through these means, FGI will ensure that:

1.  The information requested contributes significantly to the public's understanding of the government's operations or activities;
2.  The information enhances the public's understanding to a greater degree than currently exists;
3.  FGI possesses the expertise to explain the requested information to the public;
4.  FGI possesses the ability to disseminate the requested information to the general public; and
5.  The news media recognizes FGI as a reliable source in the relevant field.

III. <u>OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.</u>

FGI operates as a nonpartisan organization with supporters and members of the public who seek information that promotes transparency in government and supports values that help to build a solid infrastructure for a bright American future. Accordingly, FGI has no commercial interest and will realize no commercial benefit from the release of the



**FUNCTIONAL GOVERNMENT INITIATIVE**

requested records.

## IV. FGI QUALIFIES FOR A FULL FEE WAIVER

For all of the foregoing reasons, FGI qualifies for a full fee waiver. We hope that the Department will immediately grant this fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. All records and any related correspondence should be sent to my attention to the email address below.

Sincerely,

Chris Stanley
Policy Director
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
chris@functionalgovernment.org
████████████████████